IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MURALIDHARAN KRISHNAN, et al., | § § § | |
| *Appellant,* | § § | **CIVIL ACTION NO. 4:17-CV-435** |
| v. | § § | **JUDGE RON CLARK** |
| CAREY D. EBERT, | § § § | |
| *Appellee.* | § | |

## **MEMORANDUM OPINION ON APPEAL FROM BANKRUPTCY COURT**

Appellant Muralidharan Krishnan ("Appellant"), proceeding pro se, claims that Appellee Carey D. Ebert (the "Trustee"), the standing Chapter 13 trustee appointed to Appellant's bankruptcy estate, ignored fraud perpetrated by his primary creditor JP Morgan Chase Bank ("JP Morgan"), its attorneys, and other individuals associated with the foreclosure of his home. Appellant argues that the Trustee committed gross negligence because she did not verify the Proof of Claim filed by JP Morgan and submitted an inaccurate Final Report and Account ("Final Report") in Appellant's Chapter 13 bankruptcy case. The court finds no error in the bankruptcy court's decision to overrule Appellant's objection, accept the Trustee's Final Report, or enter the Order Discharging Chapter 13 Trustee and Closing Chapter 13 Case.

### I. BACKGROUND

Prior to filing for bankruptcy, Appellant and his wife, Indiragandhi Kenthapadi, filed a pro se suit in state court against his creditor JP Morgan and its agents, alleging that the defendants improperly attempting to foreclose on their home, engaged in various fraudulent activities, and committed violations of federal and state law. JP Morgan subsequently removed the suit to federal court, where it was assigned Cause Number 4:15-CV-632 ("district court case") and referred to

the United States Magistrate Judge. During the pendency of the case, Appellant and his wife sought a preliminary injunction on the foreclosure of their home. On February 26, 2016—after the Magistrate Judge issued a Report and Recommendation recommending that their request be denied and before the Report was adopted by the district judge—Appellant filed for bankruptcy (Cause Number 16-40342) under Chapter 13 of the Bankruptcy Code. The Magistrate Judge stayed the district court case.

On March 31, 2016, in his pending bankruptcy case, Appellant filed an adversary proceeding (Cause Number 16-4033). Appellant reasserted claims from his district court case and named additional defendants. On June 21, 2016, the bankruptcy court granted motions to dismiss submitted by two of the defendants in the adversary proceeding, dismissed additional defendants for failure to state a claim, and abstained from deciding Appellant's claims against the remaining defendants. Then, on June 29, 2016, the bankruptcy court dismissed Appellant's adversary proceeding and granted one of the defendants' request for attorney's fees. Appellant appealed the bankruptcy court's order (Cause Number 4:16-CV-572) to this court on August 1, 2016.

Meanwhile, on the same day that Appellant filed his adversary proceeding, Appellant submitted his first proposed Chapter 13 plan, which the bankruptcy court denied on May 19, 2016. Appellant's second proposed Chapter 13 plan, submitted on June 15, 2016, was also denied by the bankruptcy court on October 11, 2016. JP Morgan and the Trustee objected to both of Appellant's proposed plans because, among other things, neither plan provided a method to pay JP Morgan's claims and Appellant's filings indicated that he would not be able to make the payments required under the second proposed plan. The bankruptcy court dismissed Appellant's Chapter 13 case. Appellant filed his second appeal (Cause Number 4:16-CV-816), on October 26, 2016. This appeal was consolidated with his former appeal, Cause Number 4:16-CV-572. This court affirmed

both of the bankruptcy court's orders on February 7, 2017 because there was no indication that the bankruptcy court erred in finding that its failure to confirm a Chapter 13 plan constituted an unreasonable delay causing prejudice to his creditors. Doc. No. 3-2, at 56-58, ROA at 361-63. The court further explained that dismissal of an underlying bankruptcy case typically results in dismissal of all related adversary proceedings, however, Appellant could still proceed with the same claims against his creditors in the pending district court case.[1] Doc. No. 3-2, at 58-59, ROA at 363-64.

On April 12, 2017, the Trustee filed her Final Report, and on May 12, 2017, Appellant filed an objection, insisting that the Final Report was not accurate because JP Morgan's Proof of Claim was based on fraud. Doc. No. 3-2, at 72-75, ROA at 377-80. Appellant claimed that "the amount/payment due to the secured creditors . . . should also be mentioned in the final report so that it gives the true/correct picture of the reasoning behind the dismissal" (Doc. No. 3-2 at 72, ROA at 377; Doc. No. 7, at 4 ¶ 2.A), supposedly because "the secured claim amounts of creditors . . . will prove that they have filed their claims while they have fraud allegations/case pending in federal court" (Doc. No. 3-2, at 74, ROA at 379). The relief sought by Appellant is unclear; however, it seems that he asked the bankruptcy court either to (1) order the Trustee to change her Final Report; (2) wait until the court's decision in his pending district court case, Cause Number 4:15-CV-632; or (3) hold a hearing to adjudicate his claims against his creditors. *Id*. During a hearing on June 7, 2017, the Trustee addressed Appellant's objection, explaining that the Final Report was not required to include all creditors with scheduled claims because Appellant's Chapter 13 bankruptcy case was dismissed before confirmation. Doc. No. 3-2, at 111, ROA at

---

[1] On June 7, 2017, the Magistrate Judge entered an order lifting the stay in the district court case. Cause No. 4:15-CV-632, Doc. No. 91. On December 1, 2017, this court adopted the Magistrate Judge's Report and Recommendation, which recommended granting defendants' motions to dismiss for failure to state a claim in the district court case, and entered a final judgment dismissing the district court case. *See* Doc. Nos. 137, 163.

3

416. Moreover, omitting the information in the Final Report had no legal effect because Appellant would be able to use his creditors' filings in his bankruptcy case if he needed to prove that they filed improper documents. Doc. No. 3-2, at 112, ROA at 417. Instead of responding to the Trustee's explanation, Appellant claimed that the omission of the value of the secured claims made it appear as though there was no basis for his bankruptcy petition. *See* Doc. No. 3-2, at 107. The bankruptcy court overruled the objection and accepted the Trustee's Final Report. *See* Doc. No. 3-2, at 105-09, ROA at 410-14. This appeal followed.

## II. DISCUSSION

Appellant has accused JP Morgan of fraud and other wrongful conduct in numerous filings and cases. Appellant's primary arguments in this appeal are not actually directed at the Trustee or her Final Report. Instead, he focuses on events surrounding the foreclosure of his home. Without any evidence, he also claims that the Trustee covered up JP Morgan's fraudulent conduct. However, these facts are not before the court. In this appeal, Appellant claims that the Trustee breached her obligation to verify the Proof of Claim filed by JP Morgan and did not include necessary information in the Final Report in Appellant's bankruptcy case and that the bankruptcy court erred by not allowing Appellant to explain his objection to the Trustee's Final Report.

### A. Standard of Review

District courts have jurisdiction to hear appeals "from final judgments, orders, and decrees," and, "with leave of the court, from other interlocutory orders and decrees" of bankruptcy judges. 28 U.S.C. § 158(a). The bankruptcy court's findings of fact are reviewed for clear error, while its legal conclusions and any mixed questions of law and fact are reviewed de novo. *In re Seven Seas Petroleum, Inc.*, 522 F.3d 575, 583 (5th Cir. 2008) (citing *In re Nat'l Gypsum Co.*, 208 F.3d 498, 504 (5th Cir. 2000)). Whether a litigant has standing to appeal a bankruptcy court order

4

is a question of fact to be determined by the district court. *In re Hawkins*, 513 B.R. 634, 638 (D. Del. 2013), *aff'd*, 594 F. App'x 71 (3d Cir. 2015); *In re HST Gathering Co.*, 125 B.R. 466, 467 (W.D. Tex. 1991).

## B.     Appellant lacks standing to appeal the bankruptcy court's order.

Standing to prosecute an appeal is a jurisdictional issue that the court must consider regardless of whether it is an issue raised by the parties. *In re United Operating, LLC*, 540 F.3d 351, 354 (5th Cir. 2008). "As Article III is inapplicable to bankruptcy courts, standing to appeal a bankruptcy proceeding derived originally from statute, granting the right to appeal only to 'persons aggrieved.'" *Rohm & Hass Tex., Inc. v. Ortiz Bros. Insulation, Inc.*, 32 F.3d 205, 210 n.18 (5th Cir. 1994) (internal citations omitted). "Although the applicable statute has since been repealed, bankruptcy courts still limit appellate standing to those 'aggrieved.'" *Id.* (internal citations omitted); *see also In re Coho Energy, Inc.*, 395 F.3d 198, 202 (5th Cir. 2004). "The 'person aggrieved' test is an even more exacting standard than traditional constitutional standing." *Coho Energy, Inc.*, 395 F.3d at 202. The test requires that the appellant show that "he was directly and adversely affected pecuniarily by the order of the bankruptcy court." *In re Prince*, 548 F. App'x 262, 264 (5th Cir. 2013) (citing *Coho Energy, Inc.*, 395 F.3d at 202).

Appellant maintains that the Trustee had a duty to investigate JP Morgan's Proof of Claim. The bankruptcy code provides: "the trustee shall . . . if a purpose would be served, examine proofs of claims and object to the allowance of any claim that is improper." 11 U.S.C. § 1302(b)(1) (incorporating *id.* § 704(a)(5); *see Handbook for Chapter 13 Standing Trustees*, EXEC. OFFICE FOR U.S. TR., DEP'T OF JUSTICE 3-24 (Oct. 1, 2012), https://www.justice.gov/sites/default/files/ust/ legacy/2015/05/05/Handbook_Ch13_Standing_Trustees_2012.pdf. The Trustee submitted the Final Report on April 12, 2017, almost two months after this court affirmed the bankruptcy court's order denying confirmation of Appellant's second proposed Chapter 13 plan and dismissing his

5

bankruptcy case. Appellant does not explain, nor can the court divine, what purpose would be served by the Trustee's verification of a creditor's Proof of Claim when his bankruptcy case was dismissed without confirmation of a plan. Thus, there is no indication that Appellant was "directly and adversely affected pecuniarily by the order of the bankruptcy court." *Prince*, 548 F. App'x at 264 (citing *Coho Energy, Inc.*, 395 F.3d at 202).

**C.     The bankruptcy court did not deny Plaintiff an opportunity to explain his objection to the Final Report and did not err by overruling Appellant's objection.**

Alternatively, assuming for the sake of argument that Appellant has standing, the bankruptcy court did not err by denying him an opportunity to present his arguments during the hearing on June 7, 2017, or by overruling his objection to the Trustee's Final Report. Appellant contends that the bankruptcy court should have allowed him to explain that the Trustee had an obligation to verify JP Morgan's Proof of Claim and omitted important information from the Final Report. But, the record establishes that the bankruptcy court received his arguments in writing, when he filed a written objection to the Trustee's Final Report. And, the hearing transcript shows that Appellant addressed the bankruptcy court, repeating the arguments in his written objection. Appellant was not denied an opportunity to present his arguments.

Appellant appears to believe that the Trustee had an obligation to investigate his allegations of fraud against JP Morgan. There is no legal basis to support the existence of such an obligation. To the extent that Appellant was concerned that the Final Report suggested that he did not have enough debt to justify bankruptcy, the Trustee explained that the filings in his bankruptcy case could be used to prove otherwise. Accordingly, the bankruptcy court did not err by overruling his objection.

### III. CONCLUSION

Based on the foregoing analysis, the court AFFIRMS the bankruptcy court's decision to overrule Appellant's objection, accept the Trustee's Final Report, discharge the Trustee, and close Appellant's bankruptcy case.

IT IS THEREFORE ORDERED that the bankruptcy court's June 8, 2017 Order Discharging Chapter 13 Trustee and Closing Chapter 13 Case is hereby AFFIRMED.

So **ORDERED** and **SIGNED March 20, 2019.**

_____
Ron Clark, Senior District Judge